U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 8 2006

ROBERT H. SHEMWELL, CLERK
BY ___ mBS ___ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Tyrus Green | Docket No. 1:05 cv 1119 |
| | SECTION P |
| VS. | JUDGE DEE D. DRELL |
| Robert Tapia ET, La | MAGISTRATE JUDGE KIRK |

**Partial Report and Recommendation**

Before the Court is a Bivens[1] action filed by *pro se* Plaintiff, **Tyrus Green** ("Plaintiff"). Plaintiff is currently incarcerated at the Federal Prison Camp in Pollock, Louisiana ("FPC Pollock"). Plaintiff was granted permission to proceed *in forma pauperis* on January 28, 2005. [Rec. Doc. 3].

Plaintiff was ordered to amend his complaint on October 5, 2005. [Rec. Doc. 9] The Plaintiff was subsequently ordered to amend a second time to show proof of exhaustion of admistrative remedies pursuant to his Biven's action. The plaintiff timely filed his response on January, 10, 2006. [Rec. Doc. 12]

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397, 29 L.Ed. 2d 619, 91 S.Ct. 1999 (1971) affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution. The Bivens decision has been interpreted by courts as the counterpart to § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors. See Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) (A Bivens action is analogous to an action under § 1983-the only difference being that § 1983 applies to constitutional violations by state, rather than federal officers. citing Abate v. Southern Pacific Transp. Co., 993 F.2d 107, 110 n.14 (5th Cir.1993)). Accordingly, since Plaintiff is seeking redress for violations of his constitutional rights by an employee of a federal penitentiary, not state actors, his claim is properly brought pursuant to Bivens, and not 42. U.S.C. § 1983.

5

Plaintiff in his response to the second amendment order complains that the prison failed to respond to his first level administrative remedy, thus, his exhaustion efforts were effectively exhausted. [Doc. 12. Pg. 1] This has no merit. The BOP has established a three step administrative remedy process, codified at 28 C.F.R. § 542.11 which provides for administrative review of grievances at the institutional, regional and national level. See, 28 C.F.R. § 542. 13, et seq. If a level rejects the remedy, the inmate may appeal to the next level within a designated time period. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. See 28 C.F.R. § 542.18. Plaintiff must appeal to next level in a timely manner despite a failure to respond by prisons. He has admittedly failed to do so.

**For the above reasons,**

it is recommended that Plaintiff's Bivens claim be denied and his complaint be dismissed without prejudice for lack of exhaustion. Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to

the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling. **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE and that were not objected to by the aforementioned party, except upon grounds of plain error.**[2]

THIS DONE AND SIGNED in Alexandria, Louisiana on this 8th day of February, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2] See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).