U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 2 6 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TYRUS D. GREEN,<br>Plaintiff<br><br>VERSUS<br><br>U.S. DEPARTMENT OF JUSTICE,<br>et al.,<br>Defendants | CIVIL ACTION<br>SECTION "P"<br>NO. CV05-1119-A<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Green filed a motion to vacate and set aside the judgment of partial dismissal (Doc. Item 17) which dismissed Green's Bivens[1] claims for lack of exhaustion, but maintained Green's claims against the U.S. Department of Justice ("DOJ") and the U.S. Bureau of Prisons ("BOP") (an agency of the DOJ), which are filed pursuant to the Federal Tort Claims Act ("FTCA"), and his supplemental state law claims. Green alleges in his motion that he attempted to exhaust his Bivens claims by filing a first step grievance (BP-9) with the BOP, to which the BOP never responded.

In his objection to the original report and recommendation, Green relies on Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998), cert. den., 526 U.S. 1133, 119 S.Ct. 1809 (1999), for the proposition that he does not have to further exhaust his Bivens claims, since the BOP failed to respond to his first-step grievance

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).

(BP-9). Green's reliance is misplaced. In Underwood, the court held that Underwood's suit had been properly dismissed for failure to exhaust administrative remedies *prior* to filing suit in the district court, despite the fact that Underwood fully exhausted his administrative remedies after filing suit.

Moreover, the Supreme Court has since held that no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Thus, federal prisoners suing under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit. Porter, 534 U.S. at 524, 122 S.Ct. at 988. Resort to a prison grievance process must precede resort to a court. Porter, 534 U.S.

at 529, 122 S.Ct. at 990. See also, Jackson v. Dobre, 2002 WL 31016915, 48 Fed.Appx. 104 (5th Cir. 2002)("futility is no longer an exception to the exhaustion requirement").

The administrative remedy procedures which must be followed by a federal prison inmate are set forth in 28 C.F.R. §§ 542.10, et seq. Those regulations provide for first step of an informal resolution attempt filed with the prison staff, a second step of a formal grievance filed with the warden, and appeals at the third and fourth steps as set forth in Section 542.15; the third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional Director's decision to the General Counsel.

Although Green alleges he filed a BP-9 with the warden to which he never received a response, he failed to provide this court with a copy. By his own admission, Green then stopped pursuing his administrative remedies, instead of following up with the warden or filing his grievance at the next level. Therefore, the court properly dismissed Green's Bivens claims for lack of exhaustion and should deny Green's motion to vacate the judgment.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Green's motion to vacate the judgment of partial dismissal should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 26th day of April, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE