RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE   5/2/07
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| TYRUS GREEN, | CIVIL ACTION |
| --- | --- |
| Plaintiff | NO. CV05-1119-A |
| VERSUS | |
| ROBERT TAPIA, et al., | JUDGE DEE D. DRELL |
| Defendants | MAGISTRATE JUDGE JAMES D. KIRK |

### SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This case was referred to the undersigned Magistrate Judge for consideration of a letter written by Jim Gormley, an inmate paralegal at the United States Penitentiary in Coleman, Florida, where Green used to be incarcerated, and filed into the record of this case on February 20, 2007 (Doc. Item 42). As Gormley acknowledges in his letter, he is not an attorney, he is not a party to this suit, he does not have standing to file an objection in this suit, and he has written this letter on Green's behalf several months after plaintiff Green left the Florida penitentiary. It is also noted that the letter is signed by Gormley, not Green. The purpose of Gormley's letter is to bring to the court's attention the recent Supreme Court case of Jones v. Bock, 127 S.Ct. 910 (U.S. 1/22/2007), in which the Supreme Court held that the defense of lack of exhaustion in prisoner civil rights and Bivens cases is an affirmative defense which must be raised by the

defendants.[1] The reason Gormley is bringing this to the court's attention is due to a report and recommendation filed on February 6, 2006 (Doc. Item 14) and March 10, 2006, judgment (Doc. Item 15) which dismissed Green's Bivens' claims for lack of exhaustion.

Even if Gormley's letter constituted a properly filed pleading in Green's case, since the Report and Recommendation as to Green's Bivens claims was issued over a year ago and a judgment has been issued, any objection to that report and recommendation is untimely. Moreover, as Gormley admits, he does not have standing to file an objection or a Rule 60 motion in Green's case. Since Green did not sign the letter, as required by Fed.R.Civ.P. rule 11, it cannot be accepted as a pleading in this case.[2] Since more than one year has passed since the judgment was entered dismissing Green's Bivens claims,[3] Green's sole recourse now is with the Fifth Circuit Court of Appeals.

Moreover, the report and recommendation currently before the

---

[1] Since Green's case was screened pursuant to 28 U.S.C. § 1915A prior to service of process on the defendants, the defendants had not had an opportunity to raise any affirmative defenses at the time that report and recommendation was issued.

[2] Since, according to the letter, Gormley has not been in contact with Green, Green is apparently unaware that Gormley wrote the letter.

[3] Gormley sugggests in his letter that the judgment dismissing Green's Bivens claims should be vacated for error, apparently under Rule 60. However, Fed.R.Civ.P. rule 60 provides a time limit of one year from the entry of judgment to file a motion for relief from judgment.

2

district judge concerns Green's Federal Tort Claims Act claims, not Green's Bivens claims. Green filed a motion for extension of time to object to the report and recommendation concerning his FTCA claims on February 15, 2007 (Doc. Item 40), which was granted to allow Green until April 15, 2007, to do so (Doc. Item 41). However, Green never filed an objection.

Therefore, Gormley's letter to the court should be disregarded insofar as it is not a pleading signed by Green or his attorney, and it is not an objection to the report and recommendation currently under review in Green's Case. Accordingly, Green's remaining claims should be dismissed for the reasons given in the November 2, 2006, Report and Recommendation (Doc. Item 33).

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Green's action be DENIED AND DISMISSED as recommended in the November 2, 2006, Report and Recommendation.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered

3

by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 2 day of May, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE